UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG S. WALSH, et al.,<br>    Plaintiffs,<br>      v.<br>PROBIOTIC SODA, LLC, et al.,<br>    Defendants. | Case No. 17-cv-03062-NC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED**<br><br>Re: Dkt. Nos. 1, 2 |

On May 26, 2017, Kelly Elley filed a notice of removal and complaint, removing this case from Santa Cruz County Superior Court and alleging that plaintiffs Gregg S. Walsh, et al., violated the federal Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601–2617. Dkt. No. 1. Elley also filed an application to proceed in forma pauperis. Dkt. No. 2. Elley did not follow the procedural requirements for removal, *see* 28 U.S.C. § 1446, and in part because of those deficiencies, it is not clear that Elley has any right to remove the case in the first place. Most notably, Elley is not a named defendant, or else is improperly attempting to appear pro se as defendant Probiotic Soda, LLC. Furthermore, Elley does not establish, and the Court is unable to find, a valid basis for subject matter jurisdiction. For all of these reasons, the Court ORDERS Elley to show cause why the case should not be remanded to Santa Cruz County Superior Court and DENIES the motion to proceed in forma pauperis.

Case No. 17-cv-03062-NC

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

A district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Elley submitted the required documentation, and it is evident from the application that Elley's listed assets and income preclude Elley from paying the filing fees. However, as explained below, this action was improperly removed to federal court, so the Court finds that granting Elley's application is not appropriate at this time.

## II. SCREENING UNDER 28 U.S.C. 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). As it should do at all times, the Court must also ascertain that it has subject matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006).

In its sua sponte review, the Court has identified at least three problems with Elley's Notice of Removal. First, Elley does not appear to be a party to the case and therefore has no basis for removing it to federal court. If Elley is appearing as named defendant Probiotic Soda, LLC, this too is improper, because an LLC requires counsel and may not appear pro se. Second, Elley did not attach the state pleadings to the removal documents, which is necessary to remove a case to federal court. Finally, and critically, the absence of state pleadings precludes the Court from evaluating whether there is a basis for subject matter jurisdiction.

Of primary concern, Elley cannot remove the case. A civil action brought in state court may be removed to federal court only "by the defendant or the defendants" in the state court case. 28 U.S.C. § 1441(a). By its plain terms, the statute does not confer removal power to a non-party. *See id.* Elley is not a party to the state court case and thus cannot remove it to federal court.

If Elley is appearing as Probiotic Soda, LLC, this too is improper, because an LLC cannot

Case No. 17-cv-03062-NC                                        2

appear pro se. "A corporation . . . can appear only by attorney." *Osborn v. Bank of U.S.*, 22 U.S. 738, 830 (1824); *accord Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–202 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel"); *D–Beam Ltd. v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004). Although Probiotic Soda is not a true corporation, the principle "applies equally to all artificial entities," including LLCs. *Rowland*, 506 U.S. at 202; *see Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam); *Best Deals on TV, Inc. v. Naveed*, No. 07-cv-1610-SBA, 2008 WL 178254, at *1 (N.D. Cal. Jan. 18, 2008). As an LLC, Probiotic Soda requires licensed counsel to appear in federal court, so Elley cannot validly appear on its behalf.

Next, Elley's attempt at removal is procedurally deficient. A notice of removal must include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" served on the defendant(s) in the state action. 28 U.S.C. § 1446(a). Elley did not include such a statement in the removal notice and did not attach the state proceedings. Removal statutes are strictly construed, so these failures make the removal inadequate and warrant remand. *See Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

Finally, there appears to be no basis for federal subject matter jurisdiction. It is well established that a case may be removed to federal court from state court if the action could have been brought in federal court at the outset. *E.g.*, *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The plaintiff's complaint, not a defense or counterclaim, establishes removal jurisdiction. *Franchise Tax Board of State of Calif. v. Constr. Laborers Vacation Trust for S. Calif.*, 463 U.S. 1, 10 (1983). Because Elley did not attach the state court proceedings, it is impossible for the Court to determine whether the plaintiff's complaint establishes federal jurisdiction. The notice of removal establishes that the parties are not diverse, Dkt. No. 1 at 2, so jurisdiction under 28 U.S.C. § 1332 is foreclosed. And there is no indication of some other form of subject matter jurisdiction. A defendant seeking removal has the burden to show that federal jurisdiction exists and that removal requirements have been met, and Elley clearly failed to meet

Case No. 17-cv-03062-NC 3

1 this burden. Accordingly, the Court finds that removal was improper because there has been no establishment of subject matter jurisdiction.

### III. CONCLUSION

Because Elley has no right to remove the state court case, because of the procedural deficiencies in Elley's notice of removal, and because the Court cannot find a basis for subject matter jurisdiction, the Court ORDERS Elley to show cause why the action should not be remanded to Santa Cruz County Superior Court. Because removal was improper, the Court DENIES Elley's application to proceed in forma pauperis. Elley must respond to this order in writing, addressing the problems noted above, by June 29, 2017.

Elley is warned that an order remanding to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Finally, the Court reminds Elley that the Federal Pro Se Program provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis at Room 2070 in the San Jose United States Courthouse (Monday to Thursday 1:00 – 4:00 pm, on Friday by appointment only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm, on Friday by appointment only), or by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: June 15, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge